# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **ADVANCED EQUIPMENT RENTAL, LLC,** | § | **CIVIL ACTION NO. 6:20-CV-00214** |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| **J-BAR SERVICES, LLC,** | § | |
| *Defendants*. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Advanced Equipment Rental, LLC ("Advanced Equipment") alleges claims for breach of contract, quantum meruit, money had and received, and suit on sworn account against Defendant J-Bar Services, LLC ("J-Bar").

### I.     THE PARTIES

1. Advanced Equipment is a Louisiana limited liability company whose sole member, Jerry Sweeney, is a citizen of Louisiana.

2. J-Bar is a Texas limited liability company whose sole member, John Lutz, Jr., is a citizen of Texas. J-Bar's address is 2926 Old Hickory Grove, Franklin, Texas 77856.

### II.     JURISDICTION AND VENUE

3. The Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and this matter is a case between citizens of different states.

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because J-Bar, upon information and belief, resides in this district and under § 1391(c)(2) because J-Bar is subject to

personal jurisdiction in this district. Venue is also proper under § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

### III.   FACTS

5. On or around October 2018, J-Bar agreed and began to rent equipment from Advanced Equipment to service certain oil and gas wells near West Seminole, Texas (the "Rented Equipment"). It was the practice of Advanced Equipment to deliver the Rented Equipment to J-Bar's office in Franklin, Texas upon J-Bar's request. Advanced equipment sent invoices for the Rented Equipment via electronic mail to J-Bar services and J-Bar received said invoices. The invoices became due and owing upon receipt.

6. From October 15, 2018 to July 31, 2019, Advanced Equipment sent invoices for Rented Equipment that were requested by and furnished to J-Bar, consistent with the parties' practice. The Rented Equipment is specifically described and identified in the attached invoices identified as Exhibit A1 (the "Unpaid Invoices").

7. At no point did J-Bar reject the equipment identified in Exhibit A1, assert that it did not receive the equipment, or indicate that the equipment was somehow defective near or at the time the Unpaid Invoices were issued.

8. These invoices have long been due and owing to Advanced Equipment but J-Bar has refused to satisfy its contractual debt. On December 16, 2019, Advanced Equipment sent a "Demand Letter and Presentment Pursuant to [TEX. CIV. P. & REM. CODE] §38.002" to J-Bar requesting payment for the Unpaid Invoices that total $173, 302.07.

9. On January 14, 2020, Advanced Equipment sent a second demand letter to J-Bar. . J-Bar has not made a single payment against the outstanding balance owed on the Unpaid Invoices, much of which are more than 12-18 months past due.

11. Advanced Equipment now seeks to recover the $173,302.07 that J-Bar has refused to pay, along with interest, attorneys' fees, and court costs.

12. All conditions precedent to Advanced Equipment's claims have occurred, have been performed by Advanced Equipment, or have been waived.

## CAUSES OF ACTION

**A.  Breach Contract**

13. Advanced Equipment incorporates by reference the allegations set forth in Paragraphs 1-12.

14. The agreement between the parties is valid, binding, and enforceable.

15. Advanced Equipment fully performed and satisfied all of its obligations under the parties' agreement, including all conditions precedent prior to filing suit.

16. The parties' agreement required J-Bar to pay Advanced Equipment the amounts for the Rented Equipment upon receipt. J-Bar failed to pay invoices totaling $173,302.07 for the Rented Equipment identified in Exhibit A1 that J-Bar rented from Advanced Equipment.

17. As a result of J-Bar's breaches, Advanced Equipment has suffered significant financial harm and direct economic loss.

**B.  Quantum Meruit**

18. Advanced Equipment incorporates by reference the allegations set forth in Paragraphs 1-12.

19. Advanced Equipment provided and rented equipment to J-Bar. The reasonable rental value of the Rented Equipment furnished in Exhibit A1 is $173,302.07.

20. J-Bar agreed to pay Advanced Equipment for the Rented Equipment which were for the benefit of, and were accepted and retained by, J-Bar.

21. Although Advanced Equipment has demanded payment from J-Bar, J-Bar has failed to and/or refused to tender payment of the amounts due and owing to Advanced Equipment for the Rental Equipment identified in Exhibit A1.

22. It is unjust and inequitable for J-Bar to retain the benefit and value of the Rented Equipment furnished by Advanced Equipment without paying for them.

**C.    Money Had And Received**

23. Advanced Equipment incorporates by reference the allegations set forth in Paragraphs 1-12.

24. Advanced Equipment furnished the Rental Equipment with the expectation that J-Bar would pay Advanced Equipment for such equipment.

25. By refusing to pay Advanced Equipment for the Rented Equipment, J-Bar is withholding money that in equity and good conscience belongs to Advanced Equipment.

**D.    Suit on Sworn Account**

26. Advanced Equipment incorporates by reference the allegations set forth in Paragraphs 1-12.

27. Advanced Equipment furnished the Rented Equipment to J-Bar on an account. J-Bar accepted the Rented Equipment and became bound to pay Advanced Equipment for the Unpaid Invoices, which total $173,302.07. Such charges were reasonable and customary for the Rented Equipment.

28. Advanced Equipment attaches the required affidavit as Exhibit A and invoices charged to J-Bar's account as Exhibit A1. The Unpaid Invoices accurately state, identify, and describe the Rented Equipment that Advanced Equipment furnished to J-Bar, the dates such equipment was in J-Bar's possession, and the charges J-Bar incurred for the Rented Equipment.

The invoices are records which Advanced Equipment keeps and maintains in the ordinary course of its business.

29. The principal balance due on the account for Rented Equipment furnished by Advanced Equipment is $173,302.07. This claim is just and true, it is due, and all just and lawful offsets, payments, and credits have been allowed.

### E.    Attorneys' Fees

30. Advanced Equipment is entitled to recover reasonable and necessary attorneys' fees under Tex. Civ. Prac. & Rem. Code §38.001. Advanced Equipment presented its claim to J-Bar multiple times prior to filing this lawsuit. J-Bar did not tender the amount owed within 30 days of when the claim was presented. As a result, Advanced Equipment was required to retain counsel to recover the contractual debt J-Bar owes to Advanced Equipment.

## PRAYER FOR RELIEF

31. Advanced Equipment requests all relief to which it may be justly entitled at law and in equity, including:

  a. $173,302.07 in damages;

  b. Attorneys' fees;

  c. Court costs;

  d. Pre- and post-judgment interest from the earliest date, and at the highest rate, allowed by law; and

  e. Further relief as the Court deems just and proper.

Dated: March 23, 2020

                        Respectfully submitted,

**JONES WALKER LLP**

/s/ *Tiffany C. Raush*
_____
TIFFANY C. RAUSH
Texas Bar No. 24099090
EWAEN U. WOGHIREN (Admission Pending)
Texas Bar No. 24098628
811 Main Street, Suite 2900
Houston, Texas 77002
Telephone No.: 713-437-1800
Facsimile No.: 713-437-1810
Email: traush@joneswalker.com
Email: ewoghiren@joneswalker.com

**COUNSEL FOR ADVANCED EQUIPMENT RENTAL, LLC**